UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfred Donnie Martin, Jr., | ) C/A No.: 2:13-1510-TMC-BHH |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Broad River Corr. Institution; | ) |
| Major Sharon Sutton; | ) |
| Pvt Jones; | ) |
| Inmate Richard M. Kough, | ) |
| Defendants. | ) |

This matter has been filed by a prisoner, proceeding *pro se*, pursuant to 42 U.S.C .§ 1983. Plaintiff alleges he was assaulted by Defendant inmate Kough at the Broad River Correctional Institution ("BRCI"). The altercation began with threats from Kough to Plaintiff in the BRCI kitchen. Later that day, Plaintiff alleges he was on the phone when he was "struck multiple times in the back of the head" by Kough. Plaintiff alleges he has been diagnosed with PTSD as a result of the incident and is taking Paxil.

It appears Plaintiff was released, ("maxed out"), and complains that he can't work as a result of the PTSD.[1] In his prayer for relief, he asks for money damages for Defendant's deliberate indifference, the "security breach," mental anguish and suffering, and the inability to work. He also wants criminal charges brought against Defendant Kough for assaulting him, and he seeks injunctive relief to "have something done about the security problem at BRCI."

---

[1] The Complaint was sent to this Court from the Anderson County Detention Center. It is assumed Plaintiff's allegations concerning his inability to work pertain to the time after he was released from BRCI, but before he became a detainee.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe,* 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could

prevail, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

A claim for relief under § 1983, must sufficiently allege that the Plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. *See Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). For this reason then, the Broad River Correctional Institution is not a "person" subject to suit for purposes of a Section 1983 action, and should be summarily dismissed from this action.

Additionally, a fellow inmate or detainee does not act under color of state law no

matter how wrongful his action because the inmate is a private individual, not a state actor, and his conduct is not fairly attributable to the State. Cf. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). Therefore, Plaintiff has failed to state a cognizable claim pursuant to § 1983 against Defendant Kough because he did not act under color of state law. Defendant Kough is entitled to summary dismissal from this action.

Even if Defendant Kough was amenable to suit, the relief Plaintiff seeks against him is not available. The Plaintiff has requested in his prayer for relief that criminal action be taken against Kough. A private citizen however, does not have a judicially cognizable interest in the prosecution or non-prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D.Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). Secondly, since Plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, Plaintiff lacks standing to raise such a claim. *Linda R.S. v. Richard D.*, *supra,* 410 U.S. at 619.

Closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In *Leeke v. Timmerman*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In *Leeke v. Timmerman*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, *supra*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *Leeke v. Timmerman*, *supra*, 454 U.S. at 86-87. Moreover, in its opinion in *Leeke*

*v. Timmerman*, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See Leeke v. Timmerman*, *supra*, 454 U.S. at 87 n. 2, *citing State v. Addison*, 2 S.C. 356, 364 (1871).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss "Broad River Correctional Institution" and "Inmate Richard M. Kough" as Defendants in the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

In an Order entered contemporaneously with this Report and Recommendation, service of process has been authorized against the remaining Defendants.

s/Bruce H. Hendricks<br>
United States Magistrate Judge

July 3, 2012<br>
Charleston, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).